## Reifsnyder v. Colonial School District

*A. Martin Herring,* for plaintiff.

*Francis P. O'Hara,* for defendant.

NICHOLAS, J., February 22, 1982—This matter is before the court on a petition for declaratory judgment filed on October 23, 1981, pursuant to the provisions of the Declaratory Judgment Act.[1] Petitioner is a public school teacher employed by the Colonial School District. The controversy between the parties concerns the application of the sabbatical leave provisions of the Public School Code. Petitioner believes, and asks us to declare, that she is now entitled to a sabbatical leave. The school district believes that she is not and has refused to grant the leave she requests. The matter came on for argument before the undersigned on February 17, 1982, and is ripe for determination.

## A

The facts are not in dispute. Prior to February, 1975, petitioner became eligible pursuant to the Public School Code[2] to take a sabbatical leave. She requested and was granted a sabbatical leave beginning February, 1975, and concluding in June, 1975. In September, 1975, she returned to work and taught for the entire School Year, 1975-1976. She applied to the school district for the balance of her sabbatical leave for the period September, 1976 to February, 1977. The leave was granted and taken. Petitioner returned to work in February, 1977, and

1. 42 Pa.C.S. §7531 et seq.
2. 24 Pa.C.S. §11-1166.

taught through June, 1977. Thereafter, petitioner taught for the entire School Years: 1977-78, 1978-79, 1979-80, 1980-81. Beginning in September, 1981, through and including the present time, petitioner has been employed as a teacher by the Colonial School District. She has applied to the district for a sabbatical leave for the period beginning February, 1982, through and including June, 1982. Petitioner claims that she is presently entitled to sabbatical leave, having completed seven years of service subsequent to the beginning of her last sabbatical leave in February, 1975. The school district has denied petitioner's request for sabbatical leave disputing her present eligibility for the same. The district claims that seven years not having elapsed since petitioner's return to her teaching duties in February, 1977, after completion of her last sabbatical leave, she is not now eligible for another.

We are thus called upon to construe the relevant provisions of the Public School Code in order to resolve this controversy.

We conclude that the school district is correct and that petitioner is not now eligible for sabbatical leave.

## B

The Public School Code, 24 Pa.C.S. §11-1166, provides as follows:

§11-1166 Persons entitled.

"Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe. . . shall be entitled to a leave of absence for restoration of health, study, or travel, or, at the discretion of the board of school directors, for other purposes. . . Such leave of absence shall be for a

half or full school term. . . *Thereafter, one leave of absence shall be allowed after each seven years of service.*"

The Public School Code further provides for the rights retained by an employee on sabbatical leave in Section 24 Pa.C.S. § 11-1170, which provides as follows:

§ 11-1170 Rights retained.

"Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, *for the purpose of determining the employe's length of service and the right to receive increments, as provided by law.*

"Every person on leave of absence shall continue his or her membership in the School Employes' Retirement Association. The school district shall pay into the School Employes' Retirement Fund on behalf of each such employe on leave, in addition to the contributions required by law to be made by it, the full amount of the contribution required by law to be paid by the employe, as though said employe were actually in regular full-time daily attendance in the position from which the sabbatical leave was taken, so that such employe's retirement rights shall be in no way affected by such leave of absence. The amount of the contribution required to be paid by the employe shall be deducted from any compensation payable to the employe while on leave.

"Nothing in this subdivision of this article shall be construed to prevent any person on leave of absence from receiving a grant for further study from any institution of learning."

The precise issue we are thus called upon to resolve is whether Sections 1166 and 1170 of the Public School Code require the respondent school dis-

trict to count the time petitioner spent on previous sabbatical leave as years of service for the purpose of computing the necessary seven years of service for entitlement to another sabbatical leave. We conclude that they do not.

We begin by noting that there is no appellate decision directly addressing the issue presented. We are referred to two recent decisions of the Courts of Common Pleas of Bucks County[3] and Lancaster County[4], both of which adopt the position of petitioner and hold contrary to our determination here. With all due respect, we disagree with the analysis and rationale set forth in those decisions.

First, we note that the purpose of sabbatical leave is *"for the restoration of health, study or travel."* The fact that Section 1166 provides initially that a professional employee must have completed ten years of satisfactory service before being entitled to a sabbatical leave, is indicative of the legislative determination that the leave is a respite from one's normal duties. The benefits are deemed to result both to the teacher and the school children in her charge by affording the teacher an opportunity to rest, study or travel and thus return to her duties as a rejuvenated and broadened professional. It would thus appear reasonable to conclude that a subsequent leave must follow only after another period of actual labor from which it is to be a respite. We think that the legislature intended that period to be seven years. When viewed as a respite from actual labors, as we think sabbatical leave was intended, it makes no

3. Walker v. Pennsbury School District (C.P. Bucks County, No. 80-11701-12-1, Kelton, J.; presently pending on appeal to the Commonwealth Court).

4. Koken v. Penn Manor School District (C.P. Lancaster County, August Term, 1979, No. 34, Bucher, J.)

sense to count the time spent on previous sabbatical leave as "service" time for purposes of computing the seven years of service specified in Section 1166, which must be completed for entitlement to another leave. We do not read Section 1170 to mandate a contrary result. That section directs merely that while on sabbatical leave, an employee shall be considered to be in regular full-time daily attendance. . . *"for the purpose of determining the employe's length of service and the right to receive increments, as provided by law."* In addition, the section provides that the employe's retirement rights shall in no way be affected by such leave of absence. The term "length of service" refers only to seniority. It does not include "the right to service credits toward the time necessary for a sabbatical leave." This conclusion is compelled by carefully examining other relevant provisions of the Public School Code as they relate to various forms of leave. For example, in the case of leaves of absence for exchange teachers, 24 Pa.C.S. §5-522, the code provides:

"Any professional employe, while on leave as an exchange teacher, shall be considered to be in regular full-time daily attendance in the position from which the leave was granted, during the period of said leave, for the purpose of determining the employe's length of service, the right to receive increments as provided by law, and the right to make contributions as a member of the School Employes' Retirement Fund and continue his or her membership therein, *the right to service credits towards the time necessary for a sabbatical leave,* and the right to accumulate days of leave on account of illness or accidental injury."

It is readily apparent that the terms "length of service" and "the right to service credits toward the

time necessary for sabbatical leave" are not synonymous. Nor is the latter phrase embraced by and included within the former. Otherwise, there would have been no occasion to use both terms in Section 522.

An examination of Section 522.1 relating to leaves of absence for professional study, is also instructive. As contrasted with Section 522, an employee on such leave earns only seniority and not sabbatical credits. Section 522.1 provides as follows:

"Any school employe who has been granted a leave of absence, approved by the board of school directors, for professional study, shall be considered to be in regular full-time daily attendance in the position from which the leave was granted during the period of said leave for the purpose of determining the employe's length of service and right to make contributions as a member of the School Employe's Retirement Fund and continue his or her membership therein: Provided, that if the employe does not return to the employment of the school district for a period of at least one year, the contributions made by and on behalf of the employe during the period of the leave of absence shall be refunded."

Again, with respect to military leave, an employee retains seniority rights, the right to receive increments, retirement service credit, and sabbatical leave service credit. 24 Pa.C.S. § 11-1178.

In conclusion, our review of Section 1166 and Section 1170, in the context of the entire statutory scheme for long term leaves of absence, convinces us that the legislature did not intend that a school teacher on sabbatical leave should obtain sabbatical leave service credit during the period of such leave.

Accordingly, we enter the following

## ORDER

And now, this February 22, 1982, the relief requested in petitioner's petition for declaratory judgment is denied. We hereby declare that petitioner is not now entitled to a sabbatical leave for the period beginning February 1982 through and including June, 1982, as she requested; that the seven years "service" specified in Section 1166 of the Public School Code which must be completed for entitlement to a subsequent sabbatical leave means seven years of actual regular full-time daily attendance after completion of the previous sabbatical leave.